**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **RONALD PIERCE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16−cv−1287−MJR** |
| | ) | |
| **CRAIG FOSTER,** | ) | |
| **and MARY KLIEN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, Chief Judge:**

Plaintiff Ronald Pierce, a former inmate at Vandalia Correctional Center now on parole, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the defendants were deliberately indifferent to his medical needs related to a rash he developed while incarcerated, in violation of the Eighth Amendment of the United States Constitution. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless.  *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

In his Complaint (Doc. 1), Plaintiff claims that sometime after September 8, 2015 when his incarceration in Cook County Jail began, he developed a small rash on his stomach.  (Doc. 1, p. 7).  He requested to see healthcare and, when he did, he was told his rash "was nothing" and was given Hydrocortisone for it.  *Id.*  He was transferred from Cook County Jail to Stateville Correctional Center on June 30, 2016.  Then, on July 18, 2016, Plaintiff was transferred from Stateville to Vandalia Correctional Center.  *Id.*  When he arrived at Vandalia, he "started putting in request [*sic*] to medical and nothing happened as time continued to go by."  *Id.*  After an unspecified amount of time, Plaintiff put in for sick call after the rash began to spread across his stomach, right arm, and inner left thigh, and he was seen by a nurse the next day.  *Id.*  The nurse gave him Hydrocortisone for his rash, and he was charged a five-dollar co-pay for the visit.  *Id.*

Plaintiff claims that he spoke with Foster and wrote to both Foster and Klien about his not being called to the healthcare unit, to no avail. (Doc. 1, pp. 7-8). After not hearing from the healthcare unit for a month, Plaintiff put in for sick call once again in order to get more Hydrocortisone. (Doc. 1, p. 8). He was again charged a five-dollar co-pay for a visit from a nurse. *Id.* Plaintiff claims the nurse told him he would need to put in for sick call 3 total times before seeing the doctor, which he believes constitutes extortion. *Id.* Plaintiff does not indicate in his Complaint whether the Hydrocortisone helped his rash, though he does claim that he needed it. *Id.* Plaintiff requests declaratory relief, a permanent injunction requiring defendants establish a "better system of healthcare," and monetary damages. (Doc. 1, p. 9).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to designate two counts in this action. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1 –** Defendants exhibited deliberate indifference to Plaintiff's medical needs by ignoring Plaintiff's complaints about his lack of medical care for his rash and/or failing to secure Plaintiff an appointment with the healthcare unit.

**Count 2 –** Defendants exhibited deliberate indifference to Plaintiff's medical needs by having in place a prison healthcare system in which inmates do not receive proper medical attention.

As discussed in more detail below, both Count 1 and 2 will be dismissed for failing to state a claim upon which relief may be granted. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 1 – Deliberate Indifference to Plaintiff's Rash

Plaintiff alleges that Foster and Klien were deliberately indifferent to his rash. The

3

Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

"To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs." *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999)). "Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard." *Sherrod*, 223 F.3d at 619.

Plaintiff must therefore show that Foster and Klien displayed deliberate indifference to a serious medical need related to his alleged ailment – a rash. *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 301 (7th Cir. 2010). He must have satisfactorily alleged both the objective component, that his medical condition was "objectively serious," and the subjective component, that the defendants "acted with a sufficiently culpable state of mind" in that they had "subjective knowledge of the risk to the inmate's health and ... disregard[ed] that risk." *Thomas*, 604 F.3d at 301 (internal quotation marks omitted). Because Plaintiff does not satisfy the objective element, there is no need to address the subjective element.

The Seventh Circuit has held that "a broad range of medical conditions may be sufficient to meet the objective element of a deliberate indifference claim, including a dislocated finger, a hernia, arthritis, heartburn and vomiting, a broken wrist, and minor burns sustained from lying in vomit." *Roe v. Elyea*, 631 F.3d 843, 861 (7th Cir. 2011); *see also King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012). The Seventh Circuit recently ruled that a prisoner's "claim of 'excruciating pain' from his skin infections" satisfied the objective element, while a two-centimeter spider bite did not when the prisoner did not appear allergic. *Compare Myrick v. Anglin*, 496 F. App'x 670, 674 (7th Cir. 2012) *with Jellis v. Hulick*, 422 F. App'x 548, 550 (7th Cir. 2011).

Plaintiff's rash was not shown by the alleged facts to have been serious or severe and therefore does not qualify as an objectively serious medical condition. *See Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009) (holding that eczema is not a "serious medical need" for purposes of a deliberate medical indifference claim); *Tsakonas v. Cicchi*, 308 F. App'x 628, 632 (3d Cir. 2009) (holding that "eczema of the feet [and] athlete's foot" are not objectively serious); *Tasby v. Cain*, 86 F. App'x 745, 746 (5th Cir. 2004) (holding that a prisoner's development of a rash "does not establish that he suffered 'serious harm'") (quoting *Farmer*, 511 U.S. at 847); *Smith v. Schwartz*, 2011 WL 2115831, at *3 (S.D. Ill. May 26, 2011) ("Smith's allegations that he suffered chronic itching, athlete's foot, chafing, peeling skin, and a painful, infected rash on his buttocks due to an inability to shower and clean his cell while Pinckneyville was locked down do not show a serious medical condition."); *Thompson v. Carlsen*, 2010 WL 3584409, at *11 (N.D.N.Y. Aug. 16, 2010) ("dry and cracked skin, and athlete's foot ... are not 'serious' medical problems under Eighth Amendment standards"); *Gonzalez–Reyna v. Ellis*, 2009 WL 2421482, at *3 (E.D.Va. July 27, 2009) ("[I]t is doubtful that a skin rash, even one which causes pain and

itching, is a sufficiently serious medical need to support an Eighth Amendment violation."). Plaintiff does not claim he was or is in pain, and in fact he provides little detail regarding the rash.   Instead, he merely alleges that the rash started in a small area on his stomach and eventually started to spread across his stomach, to his right arm, and on his inner left thigh. (Doc. 1, p. 7).

Based upon the lack of objective severity of Plaintiff's medical condition, he has no viable Eighth Amendment deliberate indifference claim, and Count 1 will be dismissed.   Out of an abundance of caution, this dismissal will be without prejudice.

### Count 2 – Medical Program Claim

Plaintiff appears to be asserting a claim that the medical care system at Vandalia is somehow unconstitutional.   (Doc. 1, p. 9).   In support of this, he asserts that the "system has let [him] down along with a lot of other fellow inmates" and "something is wrong when you can't get proper medical attention."   (Doc. 1, p. 8).   Plaintiff appears to take the greatest issue with the fact that he was charged a co-pay for the medical services he received from a nurse.   However, an inmate's constitutional rights are not violated by the collection of a fee for prison medical or dental services.   *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012) ("the imposition of a modest fee for medical services, standing alone, does not violate the Constitution"); *see also See Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir. 1997) (prisoner co-payment plan does not violate the Eighth Amendment); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 408 (9th Cir. 1985) (nothing *per se* unconstitutional about charging an inmate $3 for every medical visit; such a charge, by itself, did not constitute deliberate indifference under *Estelle*); *Hudgins v. DeBruyn*, 922 F. Supp. 144, 150-52 (S.D. Ind. 1996) (prisoner co-payment plan does not violate the Eighth Amendment); *Martin v. DeBruyn*, 880 F. Supp. 610, 615 (N.D. Ind. 1995),

6

*aff'd*, 116 F.3d 1482 (7th Cir. 1997) (Eighth Amendment guarantees only that inmates receive necessary medical care; it does not guarantee free medical care).

Plaintiff also seems to believe that he was deprived of medical care because he was seen by a nurse as opposed to a doctor, but, as is discussed herein, he has not sufficiently alleged that the medical attention he received with respect to his rash rose to the level of unconstitutionality, so this argument is unavailing.  Further, a prisoner does not automatically have a right to see a doctor if he deems his medical needs to be worthy of one. *See Elcock v. Whitecotton*, 434 F. App'x 541, 542-43 (7th Cir. 2011) (affirming dismissal of plaintiff's deliberate indifference claims despite fact that plaintiff only received care from nurse for injuries, with no further medical attention from doctor).  Care from a nurse, for certain ailments, is perfectly sufficient, and Plaintiff has not given this Court any reason to believe the medical care system at Vandalia is lacking merely because the care he received was from a nurse as opposed to a doctor.  *Id.*

Based on the foregoing, Count 2 will be dismissed with prejudice.

## Pending Motion

Plaintiff filed a Motion for Appointment of Counsel (Doc. 3), which is hereby **DENIED** without prejudice.  There is no constitutional or statutory right to appointment of counsel in federal civil cases.  *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010).  Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id.*  When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, there is no indication whether Plaintiff has attempted to obtain counsel on his own, or has been effectively precluded from doing so. Because Plaintiff has not made this showing, the Court finds that Plaintiff has not made a reasonable attempt to find counsel.  Therefore, denial of Plaintiff's motion for the appointment of counsel is appropriate.

<u>**Disposition**</u>

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice with respect to **COUNT 1** and with prejudice with respect to **COUNT 2**, each for failure to state a claim upon which relief may be granted.

As to Count 1, Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **March 27, 2017.**  Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. APP. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions.  He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 16-cv-1287-MJR).  The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant.  Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors.  Plaintiff should refrain from filing unnecessary exhibits.  Plaintiff should *include only related*

*claims* in his new complaint.  Claims found to be unrelated to the Eighth Amendment deliberate indifference claims will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.  To enable Plaintiff to comply with this order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[1] remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

---

[1]  Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, unless pauper status has been granted.

**IT IS SO ORDERED.**

**DATED: February 27, 2017**

s/ MICHAEL J. REAGAN
**U.S. Chief District Judge**